IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-01881-WYD-BNB

CHARLES M. KOVACS,
CHRISTINE H. BUKALA,
DANNY M. TRAMMELL,
ROBERT C. McGRATH, and
JOSEPH J. RAGUSA,

      Plaintiffs,

v.

THE HERSHEY COMPANY, a Delaware corporation,

      Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court in connection with several recent appeals by the parties of discovery rulings by Magistrate Judge Boland as well as Defendant's Motion for Stay of Discovery Rulings.  The appeals arise from Magistrate Judge Boland's ruling at the Pretrial Conference on June 29, 2006, regarding the testimony at trial of certain executives of Hershey and his Order of July 13, 2006, which ruled on several motions to compel filed by Plaintiffs.

On July 14, 2006, Defendant filed objections to the ruling regarding the testimony of Defendant's executives.  On July 27, 2006, Defendant filed an appeal of the Order which granted portions of Plaintiffs' motions to compel.  Also on July 27, 2006, Plaintiffs filed an appeal of the portion of Magistrate Judge Boland's Order that denied in part certain of their motions to compel.  The appeals as to Magistrate Judge

Boland's Order on the motions to compel raise substantive issues as to the attorney-client privilege and purported waiver thereof by Defendant. A ruling on this issue will have a significant impact on the remaining discovery that will be allowed in the case. I find that oral argument on these issues would be of assistance, and set a two (2) hour hearing for Friday, September 15, 2006 at 3:00 p.m. At the hearing, all three pending appeals will be heard.

I now turn to Defendant's Motion for Stay of Discovery Rulings. I find that a stay is appropriate as to the discovery ordered by Magistrate Judge Boland, including the deposition of Hershey's co-counsel Jennifer E. Chung and the production of documents. All the parties have filed appeals that relate to the proper scope of discovery of documents that Defendant contends are subject to the attorney-client privilege. If the deposition of Ms. Chung was to go forward as scheduled, it is likely that little would be accomplished given objections that may be raised as to the proper scope of the testimony given the appeals and/or the fact that Ms. Chung may refuse to answer certain questions. Alternatively, if Ms. Chung fully answers the questions posed of her by Plaintiffs' counsel, the issues raised in Defendant's appeal could be vitiated in whole or in part. This same holds true if I required Defendant to go forward with the production of the documents ordered by Magistrate Judge Boland. Accordingly, I grant Defendant's Motion for Stay of Discovery Rulings.

Finally, given the state of the record, I find that this case will not be ready to go to trial as scheduled on October 30, 2006. Defendant's motion for summary judgment has not yet been responded to by Plaintiff, and the time for such a response to be filed

has been stayed pending rulings on the outstanding discovery issues.  Since the appeals on these issues were just filed and are not set to be heard until mid-September, a response brief would not even likely be due until sometime in October.  Defendant would still need to file a reply, and a ruling would need to be made prior to trial.  This cannot be accomplished prior to the scheduled trial date.  Accordingly, the trial set to commence October 30, 2006, and the final trial preparation conference set for October 12, 2006 are vacated.  The parties should be prepared at the hearing set for September 15, 2006, to address new dates for the trial to be reset.

In conclusion, it is

ORDERED that a hearing on the parties' appeals of rulings of Magistrate Judge Boland and status conference is set for **Friday, September 15, 2006, at 3:00 p.m.**  It is

FURTHER ORDERED that Defendant's Motion for Stay of Discovery Rulings filed July 27, 2006, is **GRANTED**.  It is

FURTHER ORDERED that the trial set to commence Monday, October 30, 2006, and the final trial preparation conference set Thursday, October 12, 2006, are **VACATED**, to be reset at the upcoming status conference.

Dated: July 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge