IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01881-WYD-BNB

CHARLES M. KOVACS,
CHRISTINE H. BUKALA,
DANNY M TRAMMEL,
ROBERT C. McGRATH, and
JOSEPH J. RAGUSA,

Plaintiffs,

v.

THE HERSHEY COMPANY, a Delaware corporation,

Defendant.

---

# ORDER

---

This matter arises in connection with my *Order* [Doc. # 465, filed 10/25/2006] requiring the defendant to submit four documents for *in camera* review. I have reviewed the documents and have determined that the defendant has failed to meet its burden to establish that the documents are subject to the attorney-client privilege. Consequently, the defendant is ordered to produce unredacted copies of the documents bearing Bates Nos. H28636, H28639, H30375, and H30376.

## 1. Background

In the *Plaintiffs' Motion to Compel Withheld and Redacted Documents* [Doc. # 299, filed 4/20/2006] (the "*Motion to Compel*"), the plaintiffs sought the production of unredacted copies of certain documents. I initially denied the *Motion to Compel* with respect to the redacted documents, ruling generally that the defendant had established that the documents are subject to

the attorney-client privilege and that the plaintiffs did not "provide any evidence to the contrary,

nor [did] they advance a basis for finding that the asserted privilege has been waived." *Order*

[Doc. # 375, filed 7/13/2006] at pp.30-31.  On objection by the plaintiffs, the district judge found

my ruling to be clearly erroneous and contrary to law, stating:

> Under Tenth Circuit law Hershey has the burden of showing both
> that the communications at issue are privileged and that the
> privilege has not been waived.
>
> *   *   *
>
> Turning to Magistrate Judge Boland's ruling, it does appear that he
> clearly erred or ruled contrary to law on this issue.  Instead of
> putting the burden on Hershey to show why these redactions were
> proper and why the documents were privileged, he appeared to put
> the burden on Plaintiffs in denying their motion to compel in
> connection with the redacted documents, at least in part.  He first
> noted that the privilege log as to those documents stated that they
> are privileged because they contain legal advice from Hershey's in
> house counsel.  I find no error in this ruling.
>
> However, Magistrate Judge Boland then stated that "[t]he plaintiffs
> do not provide any evidence to the contrary, nor do they advance a
> basis for finding that the asserted privilege was waived."  He also
> noted as to other redactions that "the plaintiffs do not provide any
> evidence controverting the nature of the material withheld, nor do
> they advance a basis for finding that the asserted privilege has been
> waived."  This appears to be contrary to law since Hershey had the
> burden of showing that these documents were not subject to
> production.
>
> Thus, I reverse the ruling of Magistrate Judge Boland and remand
> on this limited issue.  On remand, Magistrate Judge Boland must
> address, applying the proper burden of proof, whether Hershey has
> made an adequate showing that the redactions are proper and/or are
> subject to the attorney-client privilege.

*Order* [Doc. 464, filed 9/26/2006] at pp.20-21 (internal citations and footnotes omitted).

On remand, I ordered the defendant to produce four documents--Bates Nos. H28636,

H28639, H30375, and H30376--for *in camera* review.  The redacted documents fall into two

2

distinct groups.

## 2.  The "Particularly Suspicious" Redactions

The first redactions, which the plaintiffs characterize as "particularly suspicious," *Motion to Compel* at p.17, are attached to the *Motion to Compel*, in their redacted form, as Exhibit G (Bates Nos. H30375-76).  These redactions are described by the plaintiffs as follows:

> In one, notes of Ms. Walker dated February 14, 2003, of a meeting
> with two human resources officials about the forthcoming sales
> reorganization, Hershey redacted four sets of words in the left hand
> margin next to the names of two Plaintiffs (Mr. Montagne and Mr.
> Leger), and the two former Texas Plaintiffs (Mr. Ott and Mr.
> Steidl).  Right above these redactions in the same left-hand margin
> next to a female employee's name are words which are not
> redacted, and they say "only female RM currently."  Clearly, then,
> Ms. Walker was taking note of gender and age issues of the region
> managers, or some other improper criterion.  In fact, when asked in
> her deposition to describe the general topic of what Hershey
> redacted from the notes relative to the four older males who
> Hershey later illegally fired, she admitted that the general topic was
> "risk."

*Motion to Compel* at p.17.

Although Exhibit G are notes made by Mary Oates Walker, an in-house attorney employed by the defendant, the defendant argued in its *Response* that Exhibit G is not subject to the attorney-client privilege, as follows:

> Exhibits G through J . . . do not contain privileged communications,
> because they do not reflect a client's request for, or an attorney's
> provision of, legal advice.  Exhibits G [etc.] are attorney notes of
> meetings . . . that document statements and decisions of Hershey
> non-attorney personnel concerning business issues.  For example,
> Exhibit G reflects non-attorney Linda Strange's ("Strange")
> impressions of certain Hershey Sales employees.  *See* Walker's
> depo. at 69:11-70:7. . . .  The purpose of the meeting at which
> Walker prepared such notes was to allow Hershey Human
> Resources personnel to apprise Hershey's counsel of factual issues

3

> that could arise during the upcoming selection process "so that
> [Walker] could ensure that individuals were treated fairly. . . ." *Id.*
> at 72:3-21; *see id.* at 74:15-21.  Hershey redacted the privileged
> portions of Exhibit G. . . .  Therefore, Hershey did not disclose
> privileged communications when it produced Exhibit G to Plaintiffs.

*Response* at pp.3-4.

The defendant's privilege log claims that the particularly suspicious redactions are subject

to the attorney-client privilege because they contain legal advice from Hershey's in-house counsel,

Mary Oates Walker, concerning selection decisions.  After an *in camera* review, however, it is

apparent that the redacted information is not subject to the attorney-client privilege at all, and that

the redacted material cannot be distinguishable from the material contained in Exhibit G which

was voluntarily produced by the defendant.  The redactions address individual traits of Messrs

Montagne, Ott, and Ledger which are not different in character from the traits of Mike West (that

he is "short & stocky"), Bates No. H30374; Chris Olson (that she is the "only female RM

currently"), Bates No. H30375; or Rob Jackson (that he is "in Richmond"), Bates No. 30376,

which the defendant did not redact.

"The burden of proving a communication is privileged is upon the [party] asserting the

privilege." United States v. Bump, 605 F.2d 548, 551 (10th Cir. 1979).  After reviewing the

content of the redactions, it is clear that the defendant has failed to provide any satisfactory

explanation of how the particularly suspicious redactions can be distinguished from the rest of the

document which was produced; which the defendant claimed was not privileged; and which the

defendant described as merely "notes of meetings . . . that document statements and

decisions of Hershey non-attorney personnel concerning business issues," including "Linda Strange's . . . impressions of certain Hershey Sales employees." *Response* at pp.3-4.

In addition, the attorney-client privilege cannot be used both as a sword and a shield. Sedillos v. Bd. of Ed. of School Dist. No. 1, 313 F. Supp. 2d 1091, 1093 (D. Colo. 2004). The defendant cannot produce as non-privileged the bulk of Exhibit G, which includes attorney notes describing non-discriminatory reasons for the defendant's selection decisions, and withhold from production on a claim of attorney-client privilege a small portion of the same document, which is not materially different from the rest of the document and which may contain evidence of potentially discriminatory reasons for those selection decisions.

### 3. The "Linda Strange" Redactions

The second set of redactions involve documents subpoenaed by the plaintiffs from Linda Strange, a former Hershey human resources executive. *Motion to Compel* at p.17. These documents are listed on Hershey's privilege log and are identified as Bates Nos. H28636-37. The privilege log states that these documents were authored by Linda Strange on an unspecified date; were not provided to anyone else; and that portions of the documents were redacted and not produced to the plaintiffs based on the attorney-client privilege because the redacted portions "reflect[] communications with Mary Oates Walker, Esq." *Motion to Compel*, Exh.B at p.29.

Linda Strange is not a lawyer. For the Linda Strange redactions to be subject to the attorney-client privilege, they must contain "a communication between a lawyer and client" and "must relate to legal advice or strategy sought by the client." United States v. Johnston, 146 F.3d 785, 794 (10th Cir. 1998).

After an *in camera* review, it appears that the Linda Strange redactions, like the particularly suspicious redactions, are not subject to the attorney-client privilege and that the redacted material cannot be distinguished from the unredacted materials voluntarily produced by the defendant and contained in the same documents.  The Linda Strange redactions do not appear on their face to be communications between Ms. Strange and a lawyer, and the defendant has provided no evidence establishing the essential elements of a privileged communication.

As indicated earlier, "[t]he burden of proving a communication is privileged is upon the [party] asserting the privilege."  Bump, 605 F.2d at 551.  After reviewing the content of the Linda Strange redactions, I find that the defendant has failed to establish that they are subject to the attorney-client privilege and failed to provide any satisfactory explanation of how the Linda Strange redactions can be distinguished from portions of the documents which were produced and which the defendant does not claim to be privileged.

### 4.  Conclusion

The defendant has failed to establish that the redactions made to the documents bearing Bates Nos. H28636, H28639, H30375, and H30376 are subject to the attorney-client privilege. Accordingly,

IT IS ORDERED that the defendant shall produce to the plaintiffs, on or before **November 17, 2006**, unredacted copies of  the documents bearing Bates Nos. H28636, H28639, H30375, and H30376.

Dated November 14, 2006.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge